# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-647V
(Filed: March 27, 2017)

```
* * * * * * * * * * * * *
BOBBIE A. WINDHORST,             *
                                 *   Dismissal; Influenza ("Flu") Vaccine;
           Petitioner,           *   Chronic Inflammatory
                                 *   Demyelinating Polyneuropathy
v.                               *   ("CIDP")
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
           Respondent.           *
* * * * * * * * * * * * *
```

*Barbara Bonar, B. Dahlenburg Bonar P.S.C., for petitioner.*
*Claudia Gangi, U.S. Dept. of Justice, Washington, DC for respondent.*

## DECISION[1]

**Roth,** Special Master:

On September 6, 2013, Bobbie Windhorst ["Ms. Windhorst" or "petitioner"] filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that an influenza vaccination caused her to develop Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Following an onset hearing on February 23, 2016, the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

undersigned found that petitioner did not begin to experience symptoms of CIDP until January of 2011, but more likely in May or June of 2011.  *See* Order and Ruling on Facts Regarding Onset, ECF No. 56.  Petitioner was ordered to provide a copy of the fact ruling to each of her expert witnesses, for expert reports based on those facts.  As set forth in petitioner's moving papers, petitioner's experts were no longer able to opine on her behalf.  On March 27, 2017, petitioner filed a "Motion for Dismissal Decision" requesting that her case be dismissed.  ECF No. 65.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                         **s/Mindy Michaels Roth**
                                         Mindy Michaels Roth
                                         Special Master