# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-647V
Filed: September 27, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| BOBBIE A. WINDHORST, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object; Hourly Rate; |
| SECRETARY OF HEALTH | * | Duplicative Billing |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

*Barbara Bonar, Esq., B. Dahlenburg Bonar P.S.C., Covington, KY, for petitioner.*
*Claudia Gangi, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 6, 2013, Bobbie Windhorst ("Ms. Windhorst," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving an influenza vaccination on September 8, 2010. *See* Petition ("Pet."), ECF No. 1. On March 27, 2017, petitioner filed a Motion for a Dismissal Decision. ECF No. 65. That same day, the undersigned issued a Decision dismissing the petition for insufficient proof. *See* Decision, ECF No. 65.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 25, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 69. Petitioner requests attorneys' fees in the amount of $78,514.46, and attorneys' costs in the amount of $27,745.93, for a total amount of $106,260.39. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. Motion for Fees, Ex. 9.

On September 7, 2017 respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 70. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply. This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Special Master Gowen addressed appropriate hourly rates for Ms. Bonar and Mr. Rankin, in *Jones v. Sec'y of Health & Human Servs.*, No. 13-729, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016). Ms. Bonar's practice is located in Covington, Kentucky, which is just outside of Cincinnati, Ohio; therefore, the special master looked at the Cincinnati metropolitan area to determine prevailing local rates. *Id.* at *2. Special Master Gowen used the "Rubin Committee rates," an attorneys' fees rubric used frequently in the Cincinnati area, to determine local rates for Ms. Bonar and Mr. Rankin. *Id*. at *3. He then reduced the Rubin rates by 18.3% to eliminate the risk premium included in fee-shifting cases. *Id*. Ultimately, the special master determined that local hourly rates for Ms. Bonar and Mr. Rankin were "well within the forum rate categories" set forth previously in *McCulloch*. *Id*. at *4. Ms. Bonar was awarded an hourly rate of $385 for work performed from 2013 to 2016; Mr. Rankin was awarded hourly rates of $175 for work performed prior to November of 2014, and $250 for work performed from November of 2014 through 2016. *Id*.

Since Special Master Gowen performed a thorough and well-reasoned analysis in arriving at the appropriate hourly rates for Ms. Bonar and Mr. Rankin, I am inclined to follow his determination. As of 2017, Ms. Bonar has been practicing for approximately 33 years, placing her in the category of $394 to $440. Therefore, I award her hourly rates as follows: $380 for work performed in 2012, $385 for work performed from 2013 through 2016, and $395 for work performed in 2017.[4] As of 2017, Mr. Rankin has been practicing for approximately 8 years, placing him in the category of $281 to $358. Therefore, I award his hourly rates as follows: $175 for performed prior to November 2014, $250 for work performed from November of 2014 through 2016, and $281 for work performed in 2017. Petitioner has requested paralegal rates of $135 for 2013 through 2015, and $150 for 2016 and 2017; however, the OSM Fee Schedule gives the appropriate range of paralegal rates for 2017 as $128 to $148. Therefore, I award paralegal rates

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys -Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited September 8, 2017).

[4] Ms. Bonar's overall experience places her in the category of $394 to $440 per hour for 2017. However, because Ms. Bonar's experience in the Program is far less than those who fall into the higher end of this category, I have awarded an hourly rate at the lower end of this category.

of \$135 for work performed from 2013 through 2015, and \$145 for work performed in 2016 and 2017.

### B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. For example,[5] Mr. Rankin billed 8.25 hours preparing exhibit binders. Motion for Fees, Ex. 1, at 9-11. Mr. Rankin and Ms. Bonar spent 24 hours and 4.75 hours collectively preparing proposed findings of fact (7 pages long) for a total of 28.75 hours. *Id*. at 12-13. There was excessive time spent on tasks, including a 16 page brief to accompany an application for fees and costs arguing issues which were not raised and time spent which was neither requested nor necessary. Furthermore, Mr. Rankin and Ms. Bonar collectively spent 16.75 hours preparing the application for fees (Ms. Bonar, 10.75 hours; Mr. Rankin, 6 hours) which I find to be excessive. *Id*. at 14-15. For these reasons, the undersigned finds that the requested \$78,514.46 should be modified using the hourly rates as determined above to \$72,478.85,[6] and then reduced by 15%. Accordingly, \$64,412.02 is awarded in attorneys' fees.

---

[5] The items listed are examples and are by no means exhaustive of the items that were excessive, redundant, or unnecessarily billed in this case.

[6] Barbara Bonar: (3.25 hours x \$380 = \$1,235.00) + (65.7 hours x \$385 = \$25,294.50) + (11.9 hours x \$395 = \$4,700.50) + (3 hours x \$100 travel rate = \$300) = \$31,530.00, for the years 2012

**C.      Reasonable Costs**

Petitioner requested a total of $27,745.93 in attorneys' costs, including $11,340 in expert fees to Dr. Kinsbourne, $11,800 in expert fees to Dr. Byers, $1,433.02 for the transcript of the onset hearing, and $1,143.75 in costs associated with obtaining medical records. *See* Motion for Fees, Ex. 1, at 15-16. The undersigned finds these costs reasonable. However, petitioner also requested reimbursement for office supplies, such as binders, in the amount of $77.21. Motion for Fees, Ex. 1 at 15-16. Office supplies are considered overhead, and will not be reimbursed by the Program. *See Whitener v. Sec'y of Health & Human Servs*., No. 06-477V, 2011 WL 1467919 (Fed. Cl. Spec. Mstr. March 25, 2011) (denying a request for compensation for "office supplies," and concluding that such expenses are attorney overhead). Therefore, petitioner's costs will be reduced to $27,668.72.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $92,080.74**[7] representing reimbursement for attorneys' fees in the amount of $64,412.02 and costs in the amount of $27,668.72, in the form of a check made payable jointly to petitioner and petitioner's counsel, Barbara Bonar, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

to 2017, respectively. Ottwell Rankin: (9.2 hours x $135 = $1,242.00) + (14.5 hours x $145 = $2,102.50) + (46.1 hours x $175 = $8,067.50) + (106.55 hours x $250 = $26,637.50) + (8.85 hours x $281 = $2,486.85) + (8.25 hours x $50 travel rate = $412.50) = $40,948.85, for the years 2012 to 2017, respectively.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.